UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LINDA REED, § | | |
| § | | |
| Plaintiff, § | | |
| vs. § | | |
| § | Civil Action No. | 2:22-cv-201 |
| CERTAIN UNDERWRITERS AT § | | |
| LLOYDS, LONDON § | | |
| § | | |
| Defendant. § | | |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Linda Reed (hereinafter "Plaintiff"), through undersigned counsel, files this Original Complaint against Defendant, Certain Underwriters at Lloyds, London, in support of the causes of action asserted herein, respectfully set forth as follows:

1.

Made Plaintiff herein is:

**LINDA REED**, a person of the full age of majority and owner of property located in Calcasieu Parish, State of Louisiana.

2.

Made Defendant herein is:

**UNDERWRITERS AT LLOYDS, LONDON** (hereinafter referred to as "Lloyds"), a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

3.

This Court has personal jurisdiction over Lloyds because it conducts business in the State of Louisiana, and this claim arises out of Defendant's conduct, business operations, and failure to fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Calcasieu Parish.

6.

Lloyds is justly and truly indebted to Plaintiff herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Plaintiff owns residential property located at 4800 Doyle Cemetery Road, Starks, Louisiana 70661 (hereinafter "the Property").

8.

On August 27, 2020 and October 9, 2020, Plaintiff had in place a contract with Lloyds to provide an insurance policy, policy number UIGMHOL18 16856 03 (hereinafter "the Policy"),

for the Property.

9.

On August 27, 2020, Hurricane Laura made landfall on southeast Louisiana with 150 mph winds. The event caused widespread devastation and damage, including damage to the Property.

10.

On October 9, 2020, Hurricane Delta made landfall on southeast Louisiana with 143 mph winds. The event, again, caused widespread devastation and damage, including damage to the Property.

11.

The extensive damage to the Property caused by the windstorms of Hurricane Laura and Hurricane Delta rendered the Property damaged.

12.

In compliance with the Policy, the Plaintiff promptly reported the resulting extensive damage to Lloyds, who therefore knew almost immediately that the Property had sustained physical and structural damage.

13.

Despite more than a sufficient proof of loss, Lloyds failed to timely and adequately tender payment under the Policy. Lloyds' failure to timely provide adequate payment for a clearly covered loss is a violation of the Policy. Coverage under the policy remains available and is due to the Plaintiff herein. Lloyds is in clear violation of La.R.S. 22:1892 and 22:1973.

14.

At all times pertinent hereto, Lloyds provided insurance coverage for the matters, risks, and things involved herein.

15.

Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all the damage sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

16.

Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from the subject hurricanes.

17.

The actions of Lloyds in failing to adjust Plaintiff's claims timely, fully, and fairly are arbitrary, capricious, and without probable cause, making Lloyds liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973.

18.

Defendant, Lloyds, is liable unto the Plaintiff under the following legal theories:

1. Breach of contract;
2. Bad faith claims adjusting;
3. Negligent claims adjusting;
4. Intentional infliction of emotional distress;
5. Negligent infliction of emotional distress; and

    6.    Any and all other legal theories which may be found through discovery and proven at trial in this matter.

19.

As a result of Hurricane Laura and Hurricane Delta and as a result of Lloyds' arbitrary and capricious claims adjusting, Plaintiff has sustained, or will sustain, the following non-exclusive damages:

1. Property damages;
2. Loss of contents;
3. Loss of use and enjoyment of Property;
4. Additional living expenses;
5. Repair and remediation expenses;
6. Loss of investment value of funds used to offset Lloyds' failure to pay, including lost interest;
7. Diminution of value of Property;
8. Extreme mental anguish, including inconvenience and aggravation;
9. The penalties proscribed by La. R.S. 22:1892 and 22:1973;
10. Attorney's fees and costs of this litigation; and
11. Any and all other damages which will be shown through discovery and proven at trial.

20.

Plaintiff prays for and are entitled to trial by jury, bond to be set at a later date.

**WHEREFORE**, Plaintiff, Linda Reed, prays:

(i) That Certain Underwriters at Lloyds, London be served with a copy of this Complaint and cited to appear and answer same;

(ii) For a trial by Jury;

(iii) That after due proceedings and a jury trial, there be Judgment in this matter in favor of Plaintiff and against Lloyds, declaring that Lloyds is liable jointly, severally, and *in solido*, to the Plaintiff for compensatory damages resulting from Lloyds' activities;

(iv) For general, special and punitive damages to be awarded in favor of Plaintiff and against Lloyds pursuant to LA. R.S. § 22:1973;

(v) For general, special and punitive damages to be awarded in favor of Plaintiff and against Lloyds pursuant to LA. R.S. § 22:1892 (B);

(vi) For reasonable attorney's fees and costs to be awarded in favor of Plaintiff and against Lloyds pursuant to LA. R.S. § 22:1892 (B);

(vii) That the right of the Plaintiff to establish her entitlement to compensatory damages, and the amounts thereof, be reserved for determination in the individual actions when appropriate;

(viii) That Plaintiff recover the costs of prosecution of this action and for interest of all damages from the date of judicial demand until paid; and

(ix) For all other general and equitable relief deemed appropriate and meritorious by this Court.

Respectfully submitted,

HOUGHTALING LAW FIRM, LLC

_____
BRIAN J. HOUGHTALING, Bar No. 30258
3500 North Hullen Street
Metairie, LA 70002
Telephone:	(504) 456-8629
Facsimile:	(877) 448-5339
brian@houghtalinglaw.com
COUNSEL FOR PLAINTIFF


**CERTAIN UNDERWRITERS AT LLOYDS, LONDON**
*Through its registered agent for service:*
Hon. R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

7